United States District Court
Southern District of Texas
**ENTERED**
October 23, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAJ BEY, a/k/a BILLY JOE RINCONES, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. H-26-6116 |
| | § | |
| OFFICE OF THE ATTORNEY GENERAL OF TEXAS CHILD SUPPORT DIVISION, | § | |
| | § | |
| *Defendant.* | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, proceeding *pro se* and seeking leave to proceed *in forma pauperis*, filed an amended complaint on August 27, 2026, against the Office of the Attorney General of Texas Child Support Division (the "OAG"). (ECF No. 17.) Proceeding under 42 U.S.C. § 1983, he seeks $72 million in damages allegedly caused by the OAG's child support enforcement actions against him over the past thirty years. He also seeks modification or vacatur of 1996, 2002, and 2018 child support enforcement actions or judgments against him. The OAG has not been served and has not made an appearance.[1]

Having considered the pleadings, matters of public record, and the applicable law, the Court **DISMISSES** this lawsuit for the reasons shown below.

## I. BACKGROUND AND CLAIMS

[1]On September 18, 2026, plaintiff filed a "Notice of Filing Executed Waiver of Service," purportedly attaching a copy of an executed waiver of service and summons from the OAG. No executed waiver was submitted with the notice. (ECF No. 31.)

Plaintiff Raj Bey is a fifty-year-old self-professed member of the "Moorish National Republic" and father of six children. He states that his earlier "appellations" were Billy Joe Rincones, Billy J. Rincones, Noble Raj Bey, and Noble Consul Raj El Heliton Bey, and that his current "private appellation" is Raj El Heliton Bey.[2] He states that he resides in "Houston Territory Texas Republic."

Plaintiff complains of erroneous calculations of child support obligations and enforcement orders and judgments in three enforcement actions brought by the OAG on behalf of three women over the past thirty years.[3] He claims that, due to these orders and judgments, he was jailed in civil contempt proceedings, lost his driver's license, can no longer use bank accounts for his businesses, cannot obtain a passport, and had his student financial aid and employment wages garnished. According to plaintiff, the OAG has left him destitute and unable to hold gainful employment.

Plaintiff further complains that the OAG ignored his medical disability caused by a knee injury he sustained in jail in 1999. He states that conservatorship of four of his children was awarded to a non-parental family member in 2021, which "disrupted his tribal bloodline." Exhibits submitted by plaintiff show that the OAG declined to accept Uniform

---

[2]These various names and self-referenced "appellations" appear throughout the exhibits submitted with plaintiff's original complaint (ECF No. 1).

[3]These enforcement actions are: Cause No. 9603824A filed in Cameron County, Texas in 1996 and transferred to Williamson County, Texas in 2010; Cause No. 02-05-58,130-D, filed in Victoria County, Texas, and closed in 2018; and Cause No. D-1-FM-18-002478, filed in Travis County, Texas, with an unknown status.

Commercial Code "payments" and "credits" as full settlement of his arrearages, and that it rejected his claims of Moorish tribal entitlement to his children. (ECF No. 1-9, pp. 20–25.)

Plaintiff alleges violations of procedural and substantive due process, denial of equal protection, denial of his right to travel, and loss of economic liberty. (ECF No. 17, p. 5.) As judicial relief, he seeks $72,000.00 in monetary damages, declaratory relief, update or removal of invalid enforcement actions, and injunctive/administrative relief ordering the OAG to review his knee injury documentation, conduct a lawful ability-to-pay evaluation, and correct inaccurate or outdated records. Although plaintiff's exhibits show that the OAG has considered or undertaken these latter actions on multiple occasions at plaintiff's request, he disagrees with the results of those actions and argues they need to be redone.

## II. ANALYSIS

### A. 28 U.S.C. § 1915(e)(2)(B)

Because plaintiff seeks leave to proceed *in forma pauperis*, his lawsuit must be screened pursuant to 28 U.S.C. § 1915(e). Complaints can be dismissed *sua sponte* under this provision if the court determines the complaint (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

### B. Non-Jural Defendant

Plaintiff names the Office of the Attorney General of Texas Child Support Division as the sole defendant in this lawsuit. To the extent plaintiff is suing the Child Support Division, the Child Support Division is a non-jural entity that is not capable of being sued, as it has no legal existence apart from the Office of the Attorney General of Texas. Consequently, plaintiff's claims will be liberally construed as asserted against the Office of the Attorney General of Texas for purposes of this lawsuit.

C. Res Judicata/Collateral Estoppel Bar

Plaintiff brought his pending claims against the OAG in an earlier unsuccessful lawsuit he filed in November 2024. *Raj Bey v. State of Texas*, C.A. No. 24-mc-1838 (S.D. Tex. Dec. 12, 2024). The Court dismissed the earlier lawsuit with prejudice on December 12, 2024, pursuant to 28 U.S.C. § 1915(e)(2)(B), finding that plaintiff's "complaint fails to state a claim on which relief may be granted, and the claims asserted by [plaintiff] are frivolous." Plaintiff did not appeal the dismissal.

Plaintiff's claims in the instant lawsuit reiterate the allegations, claims, and arguments he raised in the earlier lawsuit, and are barred by res judicata and/or collateral estoppel. "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). "[R]es judicata encompasses two separate but linked preclusive doctrines: (1) true res judicata or claim preclusion and (2) collateral estoppel or issue preclusion." *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 466–67 (5th Cir. 2013) (quoting *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005)). True

res judicata "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit," *Test Masters*, 428 F.3d at 571, while collateral estoppel "precludes relitigation of only those issues actually litigated in the original action, whether or not the second suit is based on the same cause of action." *Moch v. E. Baton Rouge Par. Sch. Bd.*, 548 F.2d 594, 596 (5th Cir. 1977); *see also Allen*, 449 U.S. at 94.

Plaintiff's claims against the OAG in the instant lawsuit are **DISMISSED WITH PREJUDICE** as barred by res judicata and/or collateral estoppel.

D. Sovereign Immunity Bar

Even assuming plaintiff's claims were not barred by res judicata and/or collateral estoppel, they are barred by sovereign immunity.

The Eleventh Amendment to the Constitution deprives a federal court of jurisdiction to hear a suit against the State of Texas or its officials, regardless of the relief sought, unless sovereign immunity is expressly waived. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984). It has been recognized that "[t]he Office of the Attorney General is an arm of the state entitled to sovereign immunity." *Walker v. Texas, Office of Atty. Gen.*, 217 F. Supp. 2d 776, 779 (E.D. Tex. 2002); *see* TEX. CONST. art. IV, § 22.

The burden of establishing subject matter jurisdiction lies with the plaintiff. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Here, plaintiff fails to establish any waiver of immunity as to his claims against the OAG, and subject matter jurisdiction is not established.

Thus, in the alternative, plaintiff's claims against the OAG for a declaratory judgment, injunctive relief, and monetary damages are **DISMISSED FOR WANT OF JURISDICTION**, subject to being pursued, if at all, in a state court of proper jurisdiction and venue.

E. "Person" Under § 1983

Even assuming plaintiff's claims were not barred by res judicata and/or collateral estoppel, they fail to state a claim for relief for which judgment can be granted under § 1983.

Plaintiff cannot sue the OAG under 42 U.S.C. § 1983 because the OAG is not a "person" for purposes of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). Thus, in the alternative, plaintiff's claims against the OAG under § 1983 for a declaratory judgment, injunctive relief, and monetary damages are **DISMISSED WITH PREJUDICE** for failure to state a claim for relief for which judgment can be granted under § 1983.

F. *Rooker-Feldman* Bar

Moreover, assuming plaintiff's claims were not barred by res judicata and/or collateral estoppel, they are barred by the *Rooker-Feldman* doctrine.

To the extent Plaintiff attempts to challenge the validity of the underlying state court child support enforcement orders and judgments themselves, such claims are barred by the *Rooker-Feldman* doctrine, which prohibits federal courts from collaterally reviewing or invalidating final judgments issued by state courts. *See United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994). The *Rooker-Feldman* doctrine bars federal "cases brought by

state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Thus, in the alternative, plaintiff's claims challenging the validity of the underlying state court child support enforcement orders and judgments are **DISMISSED FOR WANT OF JURISDICTION** as barred by the *Rooker-Feldman* doctrine.

G. Application to Proceed *In Forma Pauperis*

Plaintiff moves to proceed *in forma pauperis*. (ECF No. 16.) He states under penalty of perjury that he has no assets or property, earns $250.00 per month from self-employment of an undisclosed nature, has no other sources of income, received no gifts, and spends $100.00 per month on food and $150.00 per month on business expenses. He lists no other expenses.

However, plaintiff's pleadings and exhibits indicate that he is the trustee and a beneficiary of a trust. The pleadings also disclose that he is the sole member and/or manager of a limited liability corporation which is registered and active with the Texas Secretary of State. His pleadings and exhibits show that the corporation is being invoiced for payment of plaintiff's rent at his residence at 3255 Sampson St., Suite A, Houston, Texas.[4] He did not

[4]According to online records for the Texas Secretary of State, the corporation has current and active registered assumed names of Soul Organic (Restaurant & Consulting) and Cross-Metric Rehabilitation & Holistic Training. The sole manager of the limited liability corporation is listed as Raj Bey at 1325 Franklin Rd., San Marcos, Texas 78666.

disclose these interests or assets on his application to proceed *in forma pauperis*. To the contrary, plaintiff stated in his pleadings that he is responsible for payment of rent where he is currently residing, which he did not disclose on his application. The Court further notes that one of plaintiff's recent pleadings shows that he paid for $29.87 in postage with a VISA credit card on September 17, 2026. (ECF No. 31, p. 3.)

District courts have the authority and discretion to conduct reasonable investigations into allegations of poverty. *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016). Dismissal is mandatory if the court determines that "the contents of an IFP application are false." *Id.*; *see also Castillo v. Blanco*, 330 F. App'x 463, 466 (5th Cir. 2009). "Falsification of the affidavit warrant[s] denial of the right to proceed *in forma pauperis* as well as dismissal without prejudice of the complaint." *Lay v. Justices-Middle Dist. Court*, 811 F.2d 285, 286 (5th Cir. 1987). Plaintiff's incomplete and conflicting representations in his application to proceed *in forma pauperis* constitute grounds for dismissal of his lawsuit. Nevertheless, the Court will dismiss the application as moot in light of its dismissal of this lawsuit.

## III. CONCLUSIONS

For the above reasons, the Court orders as follows:

1. Plaintiff's claims against the Office of the Attorney General of Texas are **DISMISSED WITH PREJUDICE** as barred by res judicata and/or collateral estoppel.

2. In the alternative, plaintiff's claims against the Office of the Attorney General of Texas are **DISMISSED FOR WANT OF JURISDICTION**.

3. In the further alternative, plaintiff's claims against the Office of the Attorney General of Texas are **DISMISSED WITH PREJUDICE** for failure to state a claim for which judgment can be granted under § 1983.

4. All pending motions are **DISMISSED AS MOOT**.

Signed at Houston, Texas, on this the 21st day of October, 2026.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE